## In the court of Common Pleas of Schuylkill county.

## CHARLES KNECHT vs. ROBERT HEINTZE and JOHN HANLEY.

Under the Act of 17 Feb., 1858, a leasehold interest in real estate is made the subject of a Mechanics' Lien for "all improvements, engines, pumps, machinery, screens and fixtures put up by the tenants ;" but this does not apply to every kind of leasehold. A dwelling house is not included. A description of a house and lot, as "situate on the west side of the railroad and road leading from Pottsville to St. Clair in said county," decided to be too vague and loose.

*Query.*—Whether a Mechanics' Lien which only claims a lien upon the building is sufficient to bind the property.

**Rule to show cause why the Mechanics Lien should not be stricken off for reasons appearing on the face of the record.**

· Opinion delivered March 8th, 1875, by

GREEN, J. This claim is filed against a certain building, and " the lot or piece of ground on which said building is erected, (is on ground rent, and not the property of the said defendant)'' situate, &c., and the plaintiff "claims to have a lien on- the said building from the time of its commencement, for the sum specified according to the Act of Assembly,'' &c.

Does the lien set forth such an interest in the real estate as to make it a valid lien? If the lien intended to describe a technical ground rent, as it exists in this State, and that the defendants were the owners subject to such a ground rent, then there is no doubt that such an estate might be made the subject of a lien. The owners of such an estate are owners of the fee, and the property in the ground is in them. The owner of the ground rent has an estate of inheritance in the rent, the other has an estate of inheritance in the land out of which the rent issues, Irwin v. Bank of the United States, 1 Barr 349. But I think that the lien in asserting that the lot is not the property of the defendants negatives the idea that the defendants are the owners, subject to such a ground rent as we have described. If we give effect to all the words which describe the interest of the defendants in the lot, the result will be a leasehold interest. The Act of 17 Feb. 1858; Pamp. Laws, for 1858, p. 29, gives a lien to mechanics and material men against leasehold estates in the counties of Luzerne and Schuylkill for " all improvements, engines, pumps, machinery, screens and fixtures erected or put up by tenants of leased estates on land of others,'' but it has been decided that this does not apply to every description of leasehold. It has been held not to apply to private houses put up by tenants under their leases. The act has been extended by legislation to a large number of other counties. In Schmidt vs. Armstrong, 20 Pitts, L. J. 53, it is decided that the act does not embrace private dwellings erected by tenants independent of their works. See also Brick Machine Co. vs. Moore's, Admr. 19 Pitts, L. J. 85. In the present case the lien simply described a two-story frame building, without reference to any purpose for which it is erected, and in this respect I think it is defective. A party to be entitled to the benefit of a lien must bring himself affirmatively within the provisions of the law giving the lien. Barclay's Appeal 1 Harris 497.

The house and lot are described as "situate on the west side of the rail-road and road leading from Pottsville to St. Clair in said county.'' Such a description as this is as vague and loose as any that can be imag-

ined.    It gives scarcely any information whatever, and gives notice to nobody, particularly when we take into consideration that the lien asserts that the defendants are not the owners of the property.    A great many loose and vague descriptions in mechanics' liens have been sustained by the Supreme Court, but none so entirely devoid of certainty as this.    The present case more nearly resembles that of Washburn vs. Russell, 1 Barr 499, where the property is described as "a double saw-mill in Clarion county, situate on the waters of the Clarion river and on the east side of the said river" in which the description was held to be too vague.

It is worthy of notice that the claim is filed against both building and lot of ground, but a lien is claimed only against the building. Whether such a restriction of the lien would be fatal, it is not at present necessary to determine.    For the reasons already given the rule to strike off the mechanics' lien is made absolute.

Rule absolute.